**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

DANIEL GOLDBERG,

      Plaintiff,

vs.

FLORIDA INTERNATIONAL UNIVERSITY
Board of Trustees,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DANIEL GOLDBERG ("GOLDBERG) by and through his undersigned counsel, files this Complaint against Defendant, FLORIDA INTERNATIONAL UNIVERSITY Board of Trustees, ("FIU"), and in support thereof states as follows:

### I.  INTRODUCTION

1.  GOLDBERG brings this action against FIU to remedy intentional discrimination that he suffered on the basis of his disability in violation of the Rehabilitation Act, 29 U.S.C. 705, *et seq.* (and, specifically, 29 USC §794 commonly referred to as Section 504 of the Rehabilitation Act) and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.

### II.  JURISDICTION

2.  This is an action for relief brought pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §1281, *et. seq.*, and Section 504 of the Rehabilitation Act. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and §1343.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459  |  Fax: 954.990.4469
www.birken-law.com

### III.    VENUE

3.   Venue lies in this Court pursuant to 28 U.S.C. §1391 and Local Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida, in that the transaction or occurrence giving rise to this cause of action occurred in Miami Dade County, Florida.  Venue is proper in this District because both GOLDBERG attended school in Miami Dade County, and FIU resides in Miami Dade County and the actions which are the subject matter of this lawsuit occurred there.

### IV.    PARTIES

4.   At all times material hereto, GOLDBERG was a qualified person with a disability.  He suffers from a neurocognitive injury due to a traumatic head / brain injury, which constitutes a significant physical impairment which limits him in one or more major life activities, including but not limited to, concentrating, comprehending, and processing information he reads.

5.   FIU is a public educational institution. Part of FIU is the Herbert Wertheim College of Medicine ("College of Medicine") located in Miami that confers a Doctor of Medicine (known as an "MD") on graduating students.   It is a relatively newer medical school that was accredited by the Liaison Committee on Medical Education (known as the "LCME") in February 2013, immediately prior to GOLDBERG's matriculation, discussed below, in August 2013.

6.   FIU's Board of Trustees is vested by law with the powers and authority to effectively govern and set policy for FIU in accordance with the laws and constitution of the State of Florida. (See Article 1, Section 1.1 of the Board of Trustees Board Operations Policies and Procedures).

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459  |  Fax: 954.990.4469
www.birken-law.com

7.   Article IX, Section 7 of the Florida Constitution establishes the composition of FIU's Board of Trustees.  All appointed members are confirmed by the Senate of the State of Florida.

8.   FIU, as a public university, accepts thousands of dollars each year from the United States government, thereby subjecting it to the duties and responsibilities set forth in the Rehabilitation Act, 29 U.S.C. § 705, *et seq*.

## V.   STATEMENT OF FACTS

9.   From 2006 to 2010, GOLDBERG attended The George Washington University, from which he received a Bachelor of Business Administration degree.  As part of a work/study program, Goldberg became trained as an EMT in Washington DC.  He double majored in Finance and Marketing.  He also minored in Emergency Health Services.

10. GOLDBERG selected to forgo a career in finance and instead pursue a career in emergency medicine.  Because he had not taken any of the prerequisite science classes, further undergraduate education was required.  GOLDBERG received acceptances to specialized post-baccalaureate programs from Georgetown and New York University.

11. From 2010 to 2012, GOLDBERG attended New York University.  He concomitantly worked three jobs, including full-time employment as an EMT in New York City's FDNY 911 system. He completed his studies and took the MCAT in 2012.

12. In the summer of 2012, GOLDBERG, applied to medical schools, the College of Medicine being one of such schools.

13. On or about October 15 2012, GOLDBERG received an e-mail and subsequent letter from the College of Medicine that he was accepted into the Doctor of Medicine program as a member of the Class of 2017, beginning in August 2013.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

14. The letter specified that GOLDBERG must accept or decline the offer within three weeks, by November 5, 2012.

15. GOLDBERG decided to forego other medical school opportunities and accepted the offer to attend the College of Medicine; he relocated from New York to Florida.

16. As mentioned, the College of Medicine became fully accredited in February 2013 (prior to GOLDBERG's matriculation) by the LCME to confer MD degrees on graduating students.

17. On or about June 7, 2013, GOLDBERG received a letter from the College of Medicine that he had been offered a tuition based scholarship for $15,790 for each of the four years, for a total of $63,880. The letter noted that the scholarship was contingent on GOLDBERG maintaining a satisfactory passing performance in curriculum on a continuing basis.

18. In August 2013, GOLDBERG commenced his matriculation at the College of Medicine in the Class of 2017, beginning with his Class of 2017 Period 1 courses. GOLDBERG's Period 1 courses ran from August 2013 through March 2014.

19. On or about November 22, 2013, GOLDBERG was notified that he received another scholarship. He received the North Dade Medical Foundation Scholarship for $15,790 for each of the four years, for a total of $63,880.

20. Together, the two scholarships amounted to the maximum possible scholarship value that GOLDBERG could receive.

21. GOLDBERG passed all of his Class of 2017 Period 1 courses.

22. GOLDBERG's Class of 2017 Period 2 courses commenced in April 2014. The Period 2 Director was Dr. Yerko Berrocal.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

23. On or about May 10, 2014 (after his Class of 2017 Period 2 courses commenced), GOLDBERG sustained a traumatic brain injury.   GOLDBERG saw a woman in need of help and, as a Good Samaritan, attempted to intervene. As he approached, he was struck on the back of the head with a bottle. The next thing he remembered was waking up at the hospital.   It is GOLDBERG's understanding that he was hit over the head and rendered unconscious and that emergency personnel was called by a person that saw him unconscious.

24. GOLDBERG received staples in his head at the hospital due to the laceration from the incident and was released from the hospital.    He immediately, confidentially disclosed the incident to a College of Medicine administrator via e-mail on May 11, 2014.   A copy of this e-mail is attached hereto as **Exhibit A**.

25. As GOLDBERG progressed through his Period 2 courses, he noticed that he was having trouble concentrating, comprehending, processing information he read, and with his memory. This had become most noticeable during exams; GOLDBERG found himself rereading passages and instantly forgetting what he had just read resulting in him running out of time on exams. None of these are symptoms that he had predating the incident. Approximately one month after the head injury, GOLDBERG's primary care physician attributed this to depression and anxiety related to the traumatic event.

26. Approximately June 2014, GOLDBERG was started on an anti-depressant medication. There was no change in his condition. Approximately six months later, after no changes, additional medication was added.   This resulted in worsening of his neurologic symptoms. GOLDBERG's Primary Care Physician recommended evaluation by neurology specialist.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

27. GOLDBERG was evaluated by a neurology team associated with University of Miami Miller School of Medicine, specializing in traumatic brain injuries. GOLDBERG's neurologist, Dr. Nedd, discontinued the anti-depressant medications and started him on an anti-seizure medication.

28. GOLDBERG continued to pass his Period 2 courses up until the second to last Period 2 course. On or about March 9, 2015, GOLDBERG received a failing grade (which includes taking a remediation examination) in the Period 2 course #6636 Nervous System and Behavior I instructed by Dr. Yerko Berrocal. This course was the only course he received a failing grade in the Period 2 courses.

29. GOLDBERG was required to attend a hearing called in front of the Medical Student Evaluation and Promotion Committee ("MSEPC") to discuss his academic record. At the hearing, Dr. Rebecca Toonkel spoke in support of GOLDBERG, stating that GOLDBERG performs on par with his classmates.

30. Prior to this MSEPC meeting, GOLDBERG met in person with HWCOM Ombudsman (Dr. Cherry) for guidance[1]. GOLDBERG followed his recommendations in speaking with the MSEPC.

31. The MSEPC required GOLDBERG to repeat ALL of the Period 2 courses including ALL of the 2017 period 2 courses he had already passed. This meant that GOLDBERG would have to take Period 2 courses with the Class of 2018. However, because the 2018 Period 2 course #6633 Cardiovascular and Respiratory Systems had already started, GOLDBERG would

---

[1] Notably, Goldberg was not the only student meeting with Dr. Cherry regarding issues associated with course #6636. Also, later, Goldberg learned that Dr. Cherry was married to Dr. Runowicz, who is the executive associate dean of academic affairs, and has the power to amend or accept the recommendations of the MSEPC.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

have to take this course one year later with the Class of 2019.  GOLDBERG had already passed this exam with the 2017 class.

32. GOLDBERG's two academic scholarships were taken away from him in or around April, 2015 as the result of receiving a failing grade for this course #6636 Nervous System and Behavior I.

33. GOLDBERG worked with his neurology team, the College of Medicine's Learning Specialist, the College of Medicine's Counseling and Wellness Center, and the FIU Disability Resource Center to find the appropriate testing accommodations based on the neurocognitive disability he was dealing with from the incident. GOLDBERG would require double the amount of time (100% extra time) to take tests. GOLDBERG's testing accommodation would be implemented in step-wise manner.

34. On or about May 19, 2015, in accordance with the College of Medicine's policies and procedures outlined in its Medical Student Handbook, GOLDBERG sought the assistance of the FIU Disability Resource Center ("FIU's DRC")[2] to discuss his neurocognitive disability and obtain necessary, reasonable testing accommodations, that being time-and-a-half to take exams. FIU's DRC supported this accommodation on or about May 22, 2015.

35. In July 2015, GOLDBERG again sought the assistance of FIU's DRC to obtain double the amount of time (100% extra time) to take exams due his neurocognitive disability.   This accommodation was supported on June 10, 2015 by GOLDERG'S neurologist, Dr. Nedd. *See* **Exhibit B**.

---

[2] This was required by the College of Medicine's Student Handbook.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

36. On July 7, 2015, FIU's DRC approved this reasonable and necessary request directing that the College of Medicine consider the following accommodations to GOLDBERG:  100% extra time on exams and a minimal distraction testing room.  A copy of this letter is attached as **Exhibit C**.

37. The College of Medicine's Disability Accommodations Committee (not to be confused with FIU's DRC) did not give GOLDBERG these necessary requested accommodations, specifically the 100% extra time on exams.  GOLDBERG was advised by Dr. Rodolfo Bonnin and Associate Dean Adrian Jones that the College of Medicine had never given this type of accommodation and did not want to make an exception for GOLDBERG in this instance believing it may be challenging for GOLDBERG to get such accommodations when he ultimately took the USMLE Step 1 exam. However, GOLDBERG's traumatic brain injury or absolute need for this accommodation for his College of Medicine exams were never questioned.

38. GOLDBERG proceeded to take his Class of 2018 Period 2 courses (again, inclusive of those classed he already passed in the 2017 Class) without being provided the requested accommodations for a single test, to the disadvantage of GOLDBERG.

39. On or about October 19, 2015, GOLDBERG received a failing grade in course #6634 Gastrointestinal System and Medical Nutrition without being provided the previously requested and needed accommodation.[3]  This is a class GOLDBERG already passed with the 2017 Class

---

[3] Goldberg passed the cumulative final examination for this course.  However, immediately before the mid-term examination, he experienced tinnitus (potentially as a side effect due to medication he was taking due to his brain injury).  He sought treatment from South Florida ENT Associates and immediately after taking the mid-term, he went to FIU's DRC, which approved Goldberg for a white noise machine as an accommodation for this issue (but the College of Medicine still did not give Goldberg the 100% extra time accommodation).  The College of Medicine provided Goldberg this white noise machine accommodation, however, they did not allow him to re-take the mid-term with the white noise machine, despite him reporting the issue and going to FIU's DRC immediately after the mid-term.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

and was required to take again with the 2018 Class. However, before being given a remediation examination, the MSEPC called him for a hearing to discuss his 6634 Gastrointestinal System and Medical Nutrition course claiming GOLDBERG's grades were not satisfactory for continued enrollment. Among other things, GOLDBERG explained about the tinnitus during the mid-term, that he was not getting the accommodations he needed as approved by FIU's DRC and reiterated his request for 100% extra time on exams..

40. On or about May 23, 2016, GOLDBERG had to retake course #6633 Cardiovascular and Respiratory Systems (a course he previously passed) with the Class of 2019. This course was also instructed by Dr. Yerko Berrocal. He did not pass this class and was still not given the accommodation of 100% extra time to take any of the exams.

41. GOLDBERG, having no success within the College of Medicine's administration to get his needed accommodations, directly requested assistance from FIU's main institution. He requested the assistance of The FIU Office of Academic Integrity and Accountability. Susan Himberg, director of FIU Academic Integrity and Accountability, referred GOLDBERG to the FIU ombudsman, Tony Delgado. A copy of correspondence in this regard is attached hereto as **Exhibits D and E**.

42. GOLDBERG met with FIU Ombudsman Tony Delgado to discuss this urgent situation. Mr. Delgado referred GOLDBERG to FIU Office of Equal Opportunities Programs and Diversity.

43. GOLDBERG met with FIU's Office of Equal Opportunities Programs and Diversity. He was referred to the FIU Provost office.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

44. On June 30, 2016, Goldberg received another letter from his neurologist, Dr. Nedd, regarding the accommodations that he needed, specifically 100% extra time on exams. A copy of this letter is attached hereto as **Exhibit F**.

45. On Thursday, June 30, 2016, GOLDBERG also met with FIU Vice Provost Dr. Bejar. By the following Tuesday, GOLDBERG <u>finally</u> would receive his requested and needed accommodations. Specifically, July 5, 2016, approximately one year after FIU's DRC approved GOLDBERG's request for 100% extra time, Associate Dean Adrian Jones notified GOLDBERG that the Disability Accommodations Committee approved his request for 100% extra time on written exams. A copy of this notification is attached as **Exhibit G**.

46. The very next day, July 6, 2016, GOLDBERG received notifications that he was to take the remediation exam for course #6633 Cardiovascular and Respiratory Systems on July 8, 2016 at 10am. GOLDBERG was given one day to study for the remediation exam. A copy of these notifications are attached as **Exhibit H**. GOLDBERG was able to pass the remediation exam with the accommodation. This was the first time he had received appropriate accommodations.

47. In July 2016, GOLDBERG started with the Class of 2018 Period 3 Clerkships.

48. He successfully completed his Pediatrics Clerkship.

49. In August 2016, GOLDBERG started course #7180 Obstetrics and Gynecology instructed by Dr. Emery Salom. However, GOLDBERG was not given 100% extra time on written quizzes, despite the accommodation finally being approved a couple months earlier by the College of Medicine. As a result of GOLDBERG's quiz scores, Dr. Salom withheld the obstetrics portion of the class from GOLDBERG.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

50. All of the other students (those that did not have a disability) in the class continued with the obstetrics portion of the class.   Despite GOLDBERG not being offered this integral portion of the class, he was still required to take this exam that covered obstetrics.   Naturally, and although he was given 100% time to take this exam, he failed this class on September 30, 2016 since the obstetrics portion of the class was withheld from him.   He was then given two weeks to take the remediation exam (that covered obstetrics), which he passed.

51. Every time that GOLDBERG was required to take a remediation exam as a result of not passing an exam due to FIU's failure to provide the reasonable accommodation, was discriminatory, as taking a remediation exam required GOLDBERG to study and take a difficult, all-encompassing medical school exam, while contemporaneously taking his normal medical school classes.   This created a situation where GOLDBERG was constantly splitting his focus and preparation between multiple courses while the non-disabled students were able to commit complete focus and preparation on one course.[4]

52. After final grades were entered, GOLDBERG reported to the College of Medicine's administration a setting of hostility by Dr. Salom.   As a result of this report, GOLDBERG,  was then told on November 22, 2016, the night before his course #7120 Family Medicine final exam, that instructor Salom was failing him in that class.   However, the College of Medicine's Policies/Procedures as well as OB/GYN syllabus required final grades to be entered by a much earlier date so that a student would be able to contest it.   GOLDBERG knew that this meant he would be again called in front of the MSEPC.   Due to this dilatory and poorly timed bad news, GOLDBERG performed poorly on the Family Medicine final exam.

---

[4] Further, by not providing GOLDBERG the requested accommodations, he was discriminatorily deprived of the opportunity to have sufficient time to take exams and improve examination grades, even for those exams he passed, which could have otherwise improved his academic ranking.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

53. GOLDBERG was harmed by the College of Medicine's repeated failures to provide the reasonable accommodations requested associated with GOLDBERG's neurocognitive disability, accommodations supported by his neurologist and FIU's own DRC.

54. GOLDBERG was nevertheless called in front of the MSEPC in January 2017 where GOLDBERG again emphasized the issues set forth herein and that the MSEPC was not fairly or accurately reporting these issues in its unilaterally prepared, self-serving record. The decision of the MSEPC was to withdraw GOLDBERG based on "poor historical record" notwithstanding the lack of accommodations or finally granting accommodations in a haphazard manner.

55. After the MSEPC meeting, GOLDBERG met with the College of Medicine's Associate Dean of Academic Affairs and Executive Associate Dean of Academic Affairs, again emphasizing that he had not been receiving reasonably approved and needed accommodations and this was not being accurately reflected in its record.

56. The College of Medicine's Executive Associate Dean of Academic Affairs agreed with GOLDBERG that the "facts" section used by the MSEPC was misleading. Accordingly, on February 10, 2017 she required the MSEPC to hold another hearing. However, and for reasons unbeknownst to GOLDBERG, the College of Medicine's Dean Rock intervened, upholding the decision of MSEPC to withdraw GOLDBERG based on "poor historical record."

57. Throughout this unnerving period, GOLDBERG continued through his clerkships, receiving what he believed has very good faculty reviews and evaluations.

58. On June 30, 2017, GOLDBERG was notified that based on the record, the Dean's decision was upheld resulting in an expulsion / dismissal of GOLDBERG from the College of Medicine.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

59. All conditions to the bringing of this action have occurred, have been performed, or have otherwise been waived.

60. GOLDBERG has retained the undersigned counsel to prosecute these claims and is responsible for paying for reasonable attorney's fees.

## STATEMENT OF CLAIM

### COUNT I:  VIOLATION OF REHABILITATION ACT (FIU)

GOLDBERG realleges and reavers paragraphs 1-60 and further alleges as follows:

61. By failing to permit GOLDBERG the benefit of a reasonable and needed accommodations which cost FIU nothing, FIU intentionally discriminated against GOLDBERG on the basis of his disability in violation of 29 U.S.C. § 794.

62. As a result of FIU's intentional discriminatory acts, GOLDBERG has been damaged in that he has suffered significant pain, anguish and humiliation.  Additionally, he has been forced to incur substantially more debt than was reasonably necessary and was ultimately dismissed from FIU.

63. GOLDBERG has been required to engage the services of the undersigned law firms and is entitled to recover attorneys' fees pursuant to 29 U.S.C. § 794a.

WHEREFORE, GOLDBERG demands judgment against FIU for the following:

a.   Lost wages and income (including loss of future wages and income);

b.   Additional tuition payments and interest on said payments (e.g., incurred debt);

c.   Emotional and physical distress;

d.   Pain and suffering;

e.   Attorneys' fees pursuant to 29 U.S.C. § 794a;

f.   Reasonable costs; and

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

g.   Whatever other and further relief this Court deems just and proper.

## COUNT II:  VIOLATION OF AMERICANS
## WITH DISABILITIES ACT TITLE II (FIU)

GOLDBERG realleges and reavers paragraphs 1 -60 and further alleges as follows:

64. As set forth above, GOLDBERG has been intentionally discriminated against by FIU due to his disability including but not limited to, FIU's intentional failure to permit GOLDBERG certain accommodations or giving him accommodations in a haphazard and discriminatory manner.

65.  GOLDBERG has or is not required to exhaust any administrative procedures as a condition of bringing this action.

66. By failing to provide GOLDBERG with the reasonable accommodations that he sought, FIU intentionally discriminated against him in violation of Title II of the ADA and GOLDBERG's damages are a proximate result of such discrimination. As a result of FIU's intentional discriminatory acts, GOLDBERG has been damaged in that he has suffered significant pain, anguish and humiliation.  Additionally, he has been forced to incur substantially more debt than was reasonably necessary and was ultimately dismissed from FIU.

WHEREFORE, GOLDBERG demands judgment against FIU for the following:

a.   Injunctive relief including reinstatement into the College of Medicine;

b.   Lost wages and income (including future wages and income);

c.   Additional tuition payments and interest on said payments (*e.g.*, incurred debt);

d.   Emotional and physical distress;

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

e.   Pain and suffering;

f.   Reasonable attorney's fees pursuant to 29 U.S.C. § 794a

g.   Reasonable costs; and

h.   Whatever other and further relief this Court deems just and proper.

## **TRIAL BY JURY**

GOLDBERG demands trial by jury on all issues so triable by right.

Respectfully submitted,

/s/Shawn Birken
Shawn L. Birken, Esq.
Florida Bar No.: 418765
Email: sbirken@randb-law.com
LAW OFFICES OF
SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300
Fort Lauderdale, Florida  33394
Direct Dial: 954-990-4459
Fax: 954-990-4469
Co-Lead Counsel for Plaintiff

/s/ David Adelstein
David Adelstein, Esq.
dma@kirwinnorris.com
Florida Bar No. 647314
Kirwin Norris, P.A.
15 W Church Street
Ste. 301
Orlando, FL 32801
(Ph) 954-295-6117
(Fax) 407-740-6363
Co-Lead Counsel for Plaintiff

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

# EXHIBIT A

Will be unable to attend class (confidential please)

Daniel Goldberg

Sun 05/11/2014 11:21 PM

To: Vivian Obeso <vobeso@fiu.edu>;

Hi Dr. Obeso,

I suffered a concussion and arterial head bleed over the weekend and was discharged from the ER last night. I'm okay now, and the doctor said the CT scan is normal, but when I was discharged I was instructed to rest for a few days and I am concerned about driving alone tomorrow.

I was hoping you would allow me to make up tomorrow's clinical skills quiz at a later date.

Thanks so much for your assistance with this, Dr. Obeso. I apologize for the inconvenience and look forward to hearing back from you.

All the best,
- Danny


--
Daniel Goldberg
Vice President, Emergency Medicine Interest Group (EMIG)
MD Candidate, Class of 2017
dgold088@fiu.edu
914-438-1747

 Herbert Wertheim
College of Medicine

# EXHIBIT B



Larisa Elberg, M.D.
General Neurology, Vascular Neurology
Stroke, Neurotrauma, Neurorehabilitation

Kester Nedd, D.O
General Neurology, Neurotrauma
Neurorehabilitation, Vascular Neurology

Bruce Rubin, M.D
General Neurology, Spasticity
Management, Neurorehabilitation

Andrew Brown, M.D.
General Neurology, Multiple Sclerosis
Electromyography, Neurorehabilitation

## Accommodation for Student

**PATIENT:Daniel Goldberg**

**DATE OF VISIT:6/10/2015**

Mr. Goldberg is currently under my care after suffering a cereberal consussion on May 10, 2014. While he has made a remarkable recovery, he is left with trouble in his ability to pay attention and stay focused.  He will need accommodations with his school work. He will need additional time to take tests (double time), to study and to complete assignments. The patient will benefit from note takers, tutors and study groups. In addition preferred seatiing is recommended in class. Whatever could be done to accommodate this student would be much appreciated.

**Sincerely**

Kester Nedd, D.O.
Managing Partner, Design Neuroscience Center, LLC

EXHIBIT C



FLORIDA
INTERNATIONAL
UNIVERSITY

**TO:**     Dr. Robert Dollinger
            Assistant Dean for Student Affairs
            Herbert Wertheim College of Medicine

**FROM:**   Stephen Peter  Loynaz, Associate Director
            Disability Resource Center

**SUBJECT:**   Request for Accommodations

**DATE:**   July 7th, 2015

Under the Americans with Disabilities Act (ADAAA) as amended in 2008, student Daniel Goldberg (PID: 1793427) has been qualified and is eligible for accommodations on the basis of disability.

The Disability Resource Center supports providing reasonable accommodations to the student on the basis of disability. The following accommodations requested by the student are to be considered by the College:

- **100% Extra time on exams**

- **Minimal Distraction Testing Room**

Sincerely,

Stephen Peter Loynaz
Associate Director/Access Consultant
Disability Resource Center
Florida International University

# EXHIBIT D

 Gmail

Danny G <goldberggw@gmail.com>

**question from a student**

Susan Himburg <himburgs@fiu.edu>
To: Danny Goldberg <goldberggw@gmail.com>

Wed, Jun 22, 2016 at 11:00 AM

Dear Mr. Goldberg,

My office does not deal directly with students.  We are a resource to faculty and programs.

My recommendation is that you contact the University Ombudsman.  I received this note to share with you:

 If he is looking for someone to talk to about his concerns in a confidential  setting, it is best that you refer him to meet with me.

Share my webpage so he understands my role as Ombuds.

http://studentaffairs.fiu.edu/student-success/ombudsman/

Susan P. Himburg, PhD
Associate Vice President
Academic Planning and Accountability
Florida International University PC 112
Miami, FL 33199
305-348-3233 *direct line*
305-348-1796 staff
305-348-2322  fax

**From:** Danny Goldberg <goldberggw@gmail.com>
**Sent:** Wednesday, June 22, 2016 4:13:57 AM
**To:** Susan Himburg
**Subject:** question from a student

Hi Ms. Himburg, I hope this message finds you well.

My name is Daniel Goldberg, I am a 28 year old student here at FIU. I've recently been having a difficult time trying to navigate a delicate situation regarding academic accountability.

Over the past few weeks, I've exhausted the resources on the APA's site, trying to educate myself as much as possible on policy and procedure in the hopes that an easy solution would present itself.  While the information provided online has been invaluable, I can't help but feel as though I am wandering aimlessly without any sense of direction.

Ms. Himburg, I've never been the whistleblower type and I hope this can remain private and confidential. But I don't know what to do anymore and everything  seems to be spiraling out of control so I'm reaching out to you for help.

I would really appreciate the chance to meet with you for a few minutes so that I could explain my situation and hear your thoughts on the matter.  I value your expertise and judgment in these delicate matters, and I'd be incredibly grateful for any advice or guidance you can provide.

Thank you so much for your time and consideration. If you are unable to meet with me, of course it's not a problem at all.  I apologize that this email ended up being so long, and I'm sorry for any inconvenience this may have caused.

Thanks again, Ms. Himburg. I wish you well and I look forward to hearing back from you soon.

All the best,
Daniel Goldberg

--
Daniel Goldberg
GoldbergGW@gmail.com
(914) 438-1747

EXHIBIT E

 Gmail

Danny G <goldberggw@gmail.com>

---

**message from a student**

Tony Delgado <antodelg@fiu.edu>
To: Danny G <goldberggw@gmail.com>

Wed, Jun 22, 2016 at 4:30 PM

Daniel,

Please call my office and set up an appointment to meet with me. We can meet in person or by phone.

Thank you,

**Tony Delgado, Ed.D.**
Ombudsman and Assistant Dean of Students
*Division of Student Affairs*
11200 SW 8th Street, GC 219
Miami, FL 33199

Phone: 305.348.2797
Fax: 305.348.1957
Email: antodelg@fiu.edu

 

Ranked second among Florida employers,
top ranked university in Florida

**From:** Danny G [mailto:goldberggw@gmail.com]
**Sent:** Wednesday, June 22, 2016 1:11 PM
**To:** Tony Delgado <antodelg@fiu.edu>
**Subject:** message from a student

[Quoted text hidden]

 Gmail

Danny G <goldberggw@gmail.com>

**message from a student**

**Danny G** <goldberggw@gmail.com>
To: antodelg@fiu.edu

Wed, Jun 22, 2016 at 1:11 PM

Hi Dr. Delgado, I hope all is well.

I've recently contacted Ms. Susan Himburg to request assistance with an issue I am facing and she advised me to contact your office.

I'd like the opportunity to confidentially discuss my situation with you. Any advice or guidance that you can provide would be greatly appreciated.

Thank you for your time and consideration, I'm looking forward to hearing from you soon.

All the best,
Daniel

--
Daniel Goldberg
GoldbergGW@gmail.com
(914) 438-1747

*Sent from mobile device; please excuse the brevity.*

# EXHIBIT F



DESIGN
NEUROSCIENCE
CENTER

Larisa Elberg, M.D.
General Neurology, Vascular Neurology
Stroke, Neurotrauma, Neurorehabilitation

Kester Nedd, D.O
General Neurology, Neurotrauma
Neurorehabilitation, Vascular Neurology

Bruce Rubin, M.D
Gereral Neurology, Spasticity
Management, Neurorehabilitation

Andrew Brown, M.D.
General Neurology, Multiple Sclerosis
Electromyography, Neurorehabilitation

**PATIENT:Daniel Goldberg**

**DATE OF VISIT:6/30/2016**

This patient, Daniel Goldberg, is under my care following a severe traumatic brain injury on May 10, 2014.  The patient was noted to have cognitive impairment in his attention, concentration, and speed of processing. Despite the challenges, he has been able to matriculate at the FIU School of Medicine.  He has difficulties with some of his studies, due to his diminished ability to complete tests during the allotted time of the standarized exams. The patient is able to comprehend, retain, and apply the knowledge, but due to his attention deficit and reduced processing time, he benefits significantly when additional time for test taking is provided.  The patient will do best with 100% extra time on exams and additional time to prepare. He will also need to function in a room with minimal distractions. Whatever could be done to accomodate this patient would be appreciated.

Sincerely,

Kester J. Nedd, D.O.
Managing Partner
Design Neuroscience Center, LLC
2801 N. W. 87th Ave., Unit 7
Doral, FL 33172
305-653-5155 - tel
305-653-5513 - fax

## Daniel Goldberg

| | |
|---|---|
| **From:** | Adrian Jones |
| **Sent:** | Tuesday, July 5, 2016 11:19 AM |
| **To:** | Daniel Goldberg |
| **Cc:** | Rodolfo Bonnin; Karin Esposito; Robert Hernandez; Carolyn Runowicz; Jody Lehman; Heidi Von Harscher; Yerko Berrocal Claro |
| **Subject:** | Exam Accommodations |

Dear Mr. Goldberg,
The Disability Accommodations Committee for the HWCOM met last week to discuss your accommodations for exams. After the committee met, you will be granted 100% additional time on written exams. This will also include the accommodations for white noise and quiet space.  A letter outlining all of this will be sent out when I get back in the office this week but please use this as official notification.
If you have any questions or concerns, please let me know.
Dean Jones

Adrian Jones, J.D.
Associate Dean for Student Affairs
Herbert Wertheim College of Medicine
Florida International University

EXHIBIT H



# Herbert Wertheim College of Medicine

# FLORIDA INTERNATIONAL UNIVERSITY

## REMEDIATION PLAN FOR UNSATISFACTORY PERFORMANCE

**DATE OF THIS AGREEMENT:** _7/6/2016_   **COURSE DIRECTOR:** _YERKO BERROCAL, MD_

**STUDENT NAME:** _DANIEL GOLDBERG_   **PANTHER ID#** _1793427_

**COURSE NAME:** _CARDIOVASCULAR AND RESPIRATORY SYSTEMS_ .

**COURSE NUMBER:** _BMS 6633_

**SCORE EARNED FOR THE COURSE:** _U69_

**DESCRIPTION OF THE DEFICIENCY:**
Student earned an overall course score less than -1.7 from the cohort mean

**STUDY PLAN: (the steps student will take to achieve competency)**
Student is advised to review their individual coaching reports to identify deficiencies and contact teaching faculty. Review course content and reading assignments. Student is advised to seek tutoring services.

**EVALUATION PLAN:**
_Comprehensive NBME exam_

**CRITERIA FOR PASSING:**
The passing score for the remediation exam is a score equivalent to 75% or higher.

**FINAL PASSING GRADE FOR THE COURSE:** _____

**DEADLINE FOR COMPLETION:** _July 8, 2016_

**STUDENT SIGNATURE:** _[signature]_   **DATE:** _7/6/16_

**COURSE DIRECTOR:** _____   **DATE:** _____

**PERIOD DIRECTOR:** _____   **DATE:** _____

*To be routed by the Course Director within 24 HOURS after meeting with the student.*
*Course Director and student will sign and keep a hard copy of this form, and one signed copy is forwarded to the Office of Medical Education*
*(Jessica C Rodriguez). The Office of Medical Education will route this form to the Dean for Student Affairs, and the Dean for Curriculum.*

**Daniel Goldberg**

| | |
|---|---|
| **From:** | Yerko Berrocal Claro |
| **Sent:** | Wednesday, July 6, 2016 12:17 PM |
| **To:** | Daniel Goldberg |
| **Cc:** | Jessica C Rodriguez |
| **Subject:** | Remediation form - Cardiopulm course |

**Importance:** High

Dear Daniel,

After our meeting today, I generated your remediation plan and finalized it for to sign it. Please stop by the Period 2 coordinator office (Ms. Jessica Rodriguez) – AHC2-467 to sign it.
Feel free to contact me if you have any additional questions.
Best regards,

YB

**Yerko Berrocal, M.D.**
**Associate Professor, Department of Cell Biology & Pharmacology**
**Period 2 Curriculum Director**
**Director of Academic Support**
**Course Director, Nervous System and Behavior I**
**Course Director, Cardiovascular and Respiratory Systems**
**Herbert Wertheim College of Medicine, Florida International University**
**11200 S.W. 8th Street, AHC2 481, Miami, FL 33199**
**P: (305) 348-6287**
**yberroca@fiu.edu**

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain CONFIDENTIAL or PRIVILEGED information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and immediately destroy all copies of the original message and all attachments.

**Daniel Goldberg**

| | |
|---|---|
| **From:** | College of Medicine Office of Assessment and Testing |
| **Sent:** | Wednesday, July 6, 2016 12:23 PM |
| **To:** | Daniel Goldberg |
| **Cc:** | Jessica C Rodriguez; Yerko Berrocal Claro |
| **Subject:** | BMS 6633 Cardiovascular and Respiratory Systems Exam |

Good afternoon Daniel,

Please be advised that you have been **scheduled for BMS 6633 Cardiovascular and Respiratory Systems** exam **on Friday, July 8th at 10:00am ·in GL 322** . This room can be quite cold, please dress accordingly.

If you are not able to attend, please advise at your earliest convenience.

Regards,

Testing & Assessment
Office of Medical Education