UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:18-cv-20813-JEM

**DANIEL GOLDBERG,**

    Goldberg,

vs.

**FLORIDA INTERNATIONAL
UNIVERSITY BOARD OF TRUSTEES,**

    **Defendant.**
_____/

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Florida International University Board of Trustees ("FIU"), by and through its undersigned counsel, hereby answers the complaint filed by Plaintiff, Daniel Goldberg ("Goldberg"), in correspondingly numbered paragraphs below:

1. FIU admits that his claims are brought pursuant to the Rehabilitation Act and the ADA but denies that he has suffered any intentional discrimination and denies that there has been a violation of either Act.

2. FIU admits that this Court has jurisdiction over this dispute but denies that Goldberg is entitled to any of the relief sought.

3. FIU admits that venue properly lies in this Court but denies that there occurred any transaction or occurrence that gave rise to this lawsuit.

4. FIU admits that, while at FIU, Goldberg appeared to have difficulty concentrating, comprehending and processing information. FIU is without knowledge as to Goldberg's alleged neurocognitive injury and denies that Goldberg was, at all times material, a qualified person with a disability.

1

5. FIU admits the allegations set forth in paragraph 5.

6. FIU denies the allegations set forth in paragraph 6.

7. FIU admits the allegations set forth in paragraph 7.

8. FIU admits that it is subject to the Rehabilitation Act.

9. FIU is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 9 and, therefore, denies same.

10. FIU is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 10 and, therefore, denies same.

11. FIU is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 11 and, therefore, denies same.

12. FIU is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 12 and, therefore, denies same.

13. FIU admits that it accepted Goldberg into its Doctor of Medicine program, beginning in August 2013.

14. FIU denies the allegations set forth in paragraph 14.

15. FIU is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 15 and, therefore, denies same.

16. FIU admits the allegations set forth in paragraph 16.

17. The allegations set forth in paragraph 17 are inconsistent with the statements set forth in the letter referenced, which speaks for itself. To the extent the allegations set forth in paragraph 17 are inconsistent with said letter, they are denied.

18. FIU admits the allegations set forth in paragraph 18.

19. The allegations set forth in paragraph 19 are inconsistent with the statements set forth in the letter referenced, which speaks for itself. To the extent the allegations set forth in paragraph 17 are inconsistent with said letter, they are denied.

20. FIU denies the allegations set forth in paragraph 20.

21. FIU admits the allegations set forth in paragraph 21.

22. FIU admits the allegations set forth in paragraph 22.

23. FIU is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 23 and, therefore, denies same.

24. FIU admits that Goldberg sent the e-mail that is attached to his complaint as Exhibit A. FIU is without knowledge sufficient either to admit or deny the remaining allegations set forth in paragraph 24 and, therefore, denies same.

25. FIU is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 25 and, therefore, denies same.

26. FIU is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 26 and, therefore, denies same.

27. FIU is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 27 and, therefore, denies same.

28. FIU admits that, in Period 2, Goldberg failed course #6636 Nervous System and Behavior I, including the remediation and that he received passing grades in the remaining Period 2 courses.

29. FIU admits the allegations set forth in paragraph 29.

30. FIU admits that Goldberg met with Dr. Cherry prior to the MSEPC meeting. FIU is without knowledge sufficient either to admit or deny the remaining allegations set forth in paragraph 30 and, therefore, denies same.

31. FIU admits that Goldberg was required to repeat all Period 2 courses and that he retook course #6633 Cardiovascular and Respiratory Systems during the 2016-2017 academic year. FIU further admits that Goldberg had passed this course during the 2014-2015 academic year but obtained a grade of less than 80, which is the minimum grade that designates competency.

32. FIU admits that, at the end of the 2014-2015 academic year, Goldberg lost both scholarships due to his poor academic performance. FIU denies any remaining allegations set forth in paragraph 32.

33. FIU admits that Goldberg requested, first, time and one-half to take exams and, later, double time to take exams. FIU is without knowledge sufficient either to admit or deny the remaining allegations set forth in paragraph 33 and, therefore, denies same.

34. FIU admits the allegations set forth in paragraph 34.

35. FIU admits that Goldberg requested that he be granted double time to take exams in or about July 2015. FIU is without knowledge sufficient either to admit or deny the remaining allegations set forth in paragraph 35 and, therefore, denies same.

36. FIU admits that, on or about July 7, 2015, FIU's Disability Resource Center recommended that the College of Medicine consider granting Goldberg 100% extra time on exams and a minimal distraction testing room as set forth in the letter attached to Goldberg's complaint as Exhibit C. FIU is without knowledge sufficient either to admit or deny the remaining allegations set forth in paragraph 36 and, therefore, denies same.

37. FIU admits that the College of Medicine's Disability Accommodations Committee advised Goldberg that it was highly unlikely that he would be granted a double time test taking accommodation when he took the USMLE Step 1 exam and that he should wait and see how he performed with a time and a-half accommodation. FIU denies the remaining allegations set forth in paragraph 37.

38. FIU denies the allegations set forth in paragraph 38.

39. FIU admits that Goldberg failed course #6634 Gastrointestinal System and Medical Nutrition in October 2015 but denies that he was not provided a previously requested accommodation. FIU admits that Goldberg had passed course #6634 Gastrointestinal System and Medical Nutrition with the 2017 class but states that, at that time, he received a grade of only 76 in the course while a grade of 80 is the minimum grade that designates competency. FIU admits that Goldberg appeared before the MSEPC regarding his failing grade in course #6634 Gastrointestinal System and Medical Nutrition, that he requested and was approved to use a white noise machine for tinnitus during a remedial examination, which he passed. Any further allegations set forth in paragraph 39 are denied.

40. FIU admits that Goldberg retook course #6633 Cardiovascular and Respiratory Systems with the class of 2019, was given time and a-half testing accommodation and that he did not pass. FIU also admits that Goldberg previously had passed this course but states that he had achieved a grade of only 78 on that course and that a grade of 80 is the minimum grade that designates competency.

41. FIU admits that Goldberg communicated with Susan Himberg and Tony Delgado as indicated in the e-mails attached to his complaint as Exhibits D and E. FIU denies the remaining allegations set forth in paragraph 41.

42. FIU admits that Goldberg met with Tony Delgado who referred him to FIU's Office of Equal Opportunities Programs and Diversity. FIU denies any remaining allegations set forth in paragraph 42.

43. FIU admits the allegations set forth in paragraph 43.

44. FIU is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 44 and, therefore, denies same.

45. FIU admits that, on or about June 30, 2016, Goldberg met with Dr. Bejar and that, on or about July 5, 2016, he was notified by Adrian Jones that the College of Medicine's Disability Accommodations Committee that he would be given double time for written exams. FIU denies any remaining allegations set forth in paragraph 45.

46. FIU admits that he was notified on July 6, 2016 that his remediation examination in course #6633 Cardiovascular and Respiratory Systems would take place on July 8, 2016 and that he passed. FIU denies any remaining allegations set forth in paragraph 46.

47. FIU admits the allegations set forth in paragraph 47.

48. FIU admits the allegations set forth in paragraph 48.

49. FIU admits that, commencing in August 2016, Goldberg took course #7180 Obstetrics and Gynecology instructed by Dr. Emery Salom. FIU admits that, unlike written examinations, Goldberg had never been granted any extra time accommodation for clerkship quizzes and that he was not provided with such accommodation in course #7180. FIU admits that, based on Goldberg's inadequate performance in the gynecology portion of his clerkship, Dr. Salom determined that Goldberg required additional time in that clerkship. FIU denies any additional allegations set forth in paragraph 49.

50. FIU admits that Goldberg was given double time to take his examination in course #7180 Obstetrics and Gynecology and that he failed. FIU further admits that Goldberg was given an opportunity to take a remediation examination, which he passed. FIU denies the remaining allegations set forth in paragraph 50.

51. FIU denies the allegations set forth in paragraph 51.

52. FIU denies the allegations set forth in paragraph 52.

53. FIU denies the allegations set forth in paragraph 53.

54. FIU admits that, in January 2017, Goldberg was called in front of the MSEPC and that the MSEPC recommended that Goldberg be given the opportunity to withdraw from medical school and that, if he elected not to do so, should be involuntarily withdrawn. FIU denies any remaining allegations set forth in paragraph 54.

55. FIU admits that Goldberg met with the College of Medicine's Associate Dean of Academic Affairs and Executive Associate Dean of Academic Affairs, and denies the remaining allegations set forth in paragraph 55.

56. FIU denies the allegations set forth in paragraph 56.

57. FIU denies the allegations set forth in paragraph 57.

58. FIU admits that, by letter dated June 30, 2017, Goldberg was advised by the Vice President for Academic Affairs that there was no basis for reversal of the decision to involuntarily withdraw him from medical based on his academic performance and the academic judgment of the faculty of the College of Medicine. FIU denies any remaining allegations set forth in paragraph 58.

59. FIU denies the allegations set forth in paragraph 59.

60. FIU is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 60 and, therefore, denies same.

### Count I: Violation of Rehabilitation Act

FIU realleges and incorporates herein by reference its responses to paragraphs 1 through 60 above.

61. FIU denies the allegations set forth in paragraph 61.

62. FIU denies the allegations set forth in paragraph 62.

63. FIU is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 63 and, therefore, denies same.

WHEREFORE, FIU denies Goldberg's entitlement to any of the relief sought.

### Count II: Violation of Americans With Disabilities Act Title II

FIU realleges and incorporates herein by reference its responses to paragraphs 1 through 60 above.

64. FIU denies the allegations set forth in paragraph 64.

65. FIU denies the allegations set forth in paragraph 65.

66. FIU denies the allegations set forth in paragraph 66.

WHEREFORE, FIU denies Goldberg's entitlement to any of the relief sought.

### Affirmative Defenses

For its affirmative defenses, FIU states as follows:

1.       As its First Affirmative Defense, FIU states that Goldberg cannot state a claim under the Rehabilitation Act or the ADA because Goldberg cannot show he was denied the benefits of FIU's programs or services because of his alleged disability.

2.       As its Second Affirmative Defense, FIU states that Goldberg cannot state a claim under the Rehabilitation Act or the ADA because Goldberg cannot establish that he was excluded from participation in FIU's programs or services because of his alleged disability.

3.       As its Third Affirmative Defense, FIU states that Goldberg cannot state a claim under the Rehabilitation Act or the ADA because Goldberg cannot establish that he was subject to any intentional discrimination on the basis of his alleged disability.

4.       As its Fourth Affirmative Defense, FIU states that Goldberg cannot state a claim under the Rehabilitation Act or the ADA because he cannot establish that FIU failed to provide reasonable accommodation to Goldberg.

5.       As its Fifth Affirmative Defense, FIU states that Goldberg cannot state a claim for disability discrimination because Goldberg cannot show that he suffered intentional, purposeful discrimination on the basis of his alleged disability.

6.       As its Sixth Affirmative Defense, FIU states that Goldberg cannot state a claim for disability discrimination because Goldberg cannot show that any non-disabled students with similar academic performance were treated more favorably than Goldberg.

7.       As its Seventh Affirmative Defense, FIU states that Goldberg cannot state a claim for disability discrimination because Goldberg cannot show that any action taken by FIU was motivated by disability animus.

8.       As its Eighth Affirmative Defense, FIU states that Goldberg cannot prevail on his claims of alleged disability discrimination as he cannot establish that he is disabled.

9. As its Ninth Affirmative Defense, FIU states that Goldberg cannot prevail on his claims of alleged disability discrimination as he cannot establish that he is otherwise qualified to participate in FIU's medical program.

10. As its Tenth Affirmative Defense, FIU states that Goldberg cannot prevail on his claims of alleged disability discrimination as he cannot identify any reasonable accommodation that FIU should have made which would have permitted Goldberg to perform the essential functions of his position.

11. As its Eleventh Affirmative Defense, FIU states that Goldberg cannot prevail on his claims of alleged disability discrimination as, to the extent there existed any accommodation that could have been provided to Goldberg, such accommodation would have been unreasonable as it would have fundamentally altered FIU's College of Medicine's eligibility criteria and, thus, would have caused FIU undue hardship.

12. As its Twelfth Affirmative Defense, FIU states that it owes a duty to society not to waive the essential requirements of its medical program and that the decision as to whether a medical student is qualified to become a medical doctor is entitled to great deference.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida  33131
Tel.: (305) 373-3232   Fax: (305) 373-3233

By:   s/Teresa Ragatz
     Eric D. Isicoff
     Fla. Bar No. 372201
     Isicoff@irlaw.com
     Teresa Ragatz
     Florida Bar No. 545170
     Ragatz@irlaw.com
     Christopher M. Yannuzzi
     Florida Bar No. 92166
     Yannuzzi@irlaw.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 12th day of April, 2018, upon the following:

| | |
|---|---|
| LAW OFFICES OF SHAWN L. BIRKEN, P.A.<br>Shawn L. Birken, Esq.<br>100 SE 3rd Ave., Suite 1300<br>Fort Lauderdale, Florida 33394<br>Tel.: (954) 990-4459<br>Fax: (954) 990-4469<br>E-mail: sbirken@randb-law.com<br><br>*Co-Counsel for Plaintiff* | KIRWIN NORRIS, P.A.<br>David Adelstein, Esq.<br>15 W. Church Street, Suite 301<br>Orlando, Florida 32801<br>Tel.: (954) 295-6117<br>Fax: (407) 740-6363<br>E-mail: dma@kirwinnorris.com<br><br>*Co-Counsel for Plaintiff* |

By: /s/  Teresa Ragatz
       Teresa Ragatz