UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20813-CIV-MARTINEZ/AOR

DANIEL GOLDBERG,

    Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Florida International University Board of Trustees' (hereafter, "FIU" or "Defendant") Motion for Final Summary Judgment [D.E. 37]. This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 80]. The undersigned held a hearing on this matter on November 20, 2019 [D.E. 82]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion for Final Summary Judgment be DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Daniel Goldberg ("Goldberg" or "Plaintiff") bring this action against FIU, asserting two claims, one pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and one pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. See Compl. [D.E. 1 at 13-14].[1] Goldberg alleges that on May 10, 2014, while he was a student at FIU's Herbert Wertheim College of Medicine ("HWCOM"), he sustained a traumatic brain

---

[1] FIU admits that it is subject to the Rehabilitation Act. See Ans. [D.E. 14 at 2].

injury. Id. at 5. He claims that FIU intentionally discriminated against him by failing to provide him with reasonable disability accommodations, in violation of the Rehabilitation Act and the ADA. Id. at 13-14. FIU seeks summary judgment as to both of Goldberg's disability discrimination claims.

## APPLICABLE LAW

I.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, courts "view all evidence and draw all reasonable inferences in favor of the non-moving party." Smith v. Royal Caribbean Cruises, Ltd., 620 F. App'x 727, 729 (11th Cir. 2015). "Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; 'the requirement is that there be no *genuine* issue of *material* fact.'" Weiner v. Carnival Cruise Lines, No. 11-CV-22516, 2012 WL 5199604, at *2 (S.D. Fla. Oct. 22, 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Indeed,

> [T]he plain language of [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Cohen v. Carnival Corp., 945 F. Supp. 2d 1351, 1354 (S.D. Fla. 2013) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). Hence, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence upon which a jury could reasonably find for the non-movant. Anderson, 477 U.S. at 251-52.

II.     Disability Discrimination Claims

The Rehabilitation Act provides, in pertinent part, that:

No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a).

The ADA provides, in pertinent part, that:

Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

"Disability discrimination claims under the ADA and [the Rehabilitation Act] are subject to a similar legal analysis, because both statutes are generally construed to impose the same legal requirements." Forbes v. St. Thomas Univ., Inc. 768 F. Supp. 2d 1222, 1227 (S.D. Fla. 2010) (citing Wilbourne v. Forsyth County Sch. Dist., 306 F. App'x 473, 476 (11th Cir. 2009)). A disability discrimination claim "can be based on either a conventional 'disparate treatment' theory, or a theory that the defendant failed to make 'reasonable accommodations,' or both." Forbes, 768 F. Supp. 2d at 1227. In this case, Goldberg does not assert disparate treatment claims; rather, he claims that FIU intentionally discriminated against him by failing to provide him with reasonable disability accommodations. Compl. [D.E. 1 at 13-14].[2]

---

[2] To the extent Plaintiff attempts to assert a claim for retaliation in his response to the Motion for Final Summary Judgment [D.E. 52 at 18-21], the case law in this Circuit is well established that he cannot do so. See Home Depot U.S.A., Inc. v. U.S. Fire Inx. Co., 299 F. App'x 892, 894-95 (11th Cir. 2008) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." (quoting Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004))).

To succeed on his failure to accommodate claims, Goldberg must show that he: "(1) is disabled; (2) is a 'qualified individual'; and (3) was subjected to unlawful discrimination because of the disability." Forbes, 768 F. Supp. 2d at 1228 (citing Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1256 (11th Cir. 2007)).[3] A qualified individual is "an individual who, with or without reasonable accommodation, can perform the essential functions or meet the essential requirements of the program in which [he or she] participates or in which [he or she] desires to participate." Id. (citing Meisenhelder v. Fla. Coastal Sch. of Law, Inc., 2010 WL 2028089 at *3 (M.D. Fla. 2010); Ellis v. Morehouse Sch. of Med., 925 F. Supp. 1529, 1540 (N.D. Ga. 1996)). To establish unlawful discrimination based on failure to accommodate, Goldberg "must identify a reasonable accommodation that would allow [him] to perform the essential functions of the [medical school program], after which [FIU] may rebut the claim by presenting evidence that the requested accommodation would impose an 'undue hardship.'" Toliver v. City of Jacksonville, No. 3:15-cv-1010-J-34JRK, 2017 WL 1196637, at *5 (M.D. Fla. Mar. 31, 2017).[4]

## FACTS

The parties have adduced numerous facts in their respective efforts to support and oppose summary judgment. See Defendant's Statement of Undisputed Material Facts in Support of its Motion for Final Summary Judgment [D.E. 38]; Plaintiff's Statement of Facts in Support of Opposition to Defendant's Motion for Summary Judgment [D.E. 53]; Defendant's Reply in Support of its Statement of Undisputed Material Facts [D.E. 63].

---

[3] FIU does not challenge the first element, namely, that Goldberg is disabled. See Motion for Final Summary Judgment [D.E. 37 at 7].
[4] FIU contends that Goldberg's failure to accommodate claims should be analyzed under the *McDonald-Douglas* burden-shifting framework for cases based on circumstantial evidence. See Motion for Final Summary Judgment [D.E. 37 at 4-5]. However, this analytical framework applies to disparate treatment claims, see Toliver, 2017 WL 1196637, at *5, which Goldberg is not asserting in this case.

4

Having reviewed these facts and counter-facts, the undersigned notes that the following documents are in the record:

1. Medical note from Kester Nedd, D.O., associated with a June 10, 2015 visit, stating that Goldberg would, *inter alia*, "need additional time to take tests (double time)." See Exhibit A, Part 1 of 2, to Plaintiff's Statement of Facts [D.E. 54-1 at 305].

2. FIU's Disability Resource Center's ("DRC") Request for Accommodation, dated July 7, 2015, for 100% extra time on exams and a minimal distraction testing room. Id. at 307.

3. Excerpt of Transcript of Plaintiff's Deposition taken on October 9, 2018 (hereafter, "Goldberg Depo.") See Exhibit A to Defendant's Statement of Facts [D.E. 38-1]:

Q. When Adrian Jones became aware of your request, he called you in to discuss the 100 percent extra testing accommodation you were asking for, didn't he?
A. Yes. He and Dr. Bonnin did.
Q. And you had a meeting with Adrian Jones and Dr. Bonnin, correct?
A. Yes. They called themselves the Accommodations Committee.
Q. In that meeting they expressed to you that they had concern about the accommodation you were seeking, didn't they?
A. Yes.
Q. And they told you that 100 percent extra time would constitute a material alteration of their medical school program, didn't they?
A. No.
A. No, they did not. They said they had never given that accommodation to any of their students in the past. Mind you, the school had only been open for a couple of years. But that was their reason. They had not done it in the past.
Q. They were giving you 50 percent extra time, right?
A. They were giving me 50 percent, yes.
Q. From the time you requested it, correct?
A. From the time it was submitted from the DRC to them.
Q. Isn't it true that Dr. Bonnin and Mr. Jones told you during that meeting that it was virtually impossible for you to obtain 100 percent extra testing time on your boards?
A. I don't know their exact words, but they certainly implied that it would be very difficult to get additional time on the USMLE Step 1 and Step 2. And no HWCOM student had in the past received 100 percent accommodations on those boards. I don't know whether or not they had ever applied and not received it or whether or not they had applied at all.

Id. at 84-86.

4. Sworn Declaration of Adrian Jones (hereafter, "Jones Decl."):

> HWCOM reviewed the [DRC] memorandum and determined that it could not make those accommodations. That decision was based on (1) the temporal proximity between Goldberg's initial request for 50% extra time and his subsequent request for 100% extra time on exams; there had not been an opportunity to determine whether the 50% extra time would be sufficient; (2) Goldberg's lack of treatment history/baseline; in the span of two months, Goldberg sought treatment from two different medical providers who provided two different recommendations); and (3) HWCOM's concern that providing that accommodation ultimately would be detrimental to Goldberg; in light of factors (1) and (2) above, HWCOM did not believe that the National Board of Medical Examiners would provide Goldberg 100% extra time on his United States Medical Licensing Step Examinations. Goldberg was advised on this decision during a meeting with me and Dr. Rodolfo Bonnin.

See Exhibit C to Defendant's Statement of Facts [D.E. 38-3, at 4].

5. Correspondence from HWCOM's Executive Associate Dean for Academic Affairs to Goldberg, dated June 23, 2016, advising him that he would be referred to the HWCOM Accommodations Committee "for a review of [his] request for 100% additional time to take examinations." See Exhibit A, Part 2 of 2, to Plaintiff's Statement of Facts [D.E. 55-1, at 130-31].

6. Email communication from Adrian Jones to Goldberg, dated July 5, 2016:

> The Disability Accommodations Committee for the HWCOM met last week to discuss your accommodations for exams. After the committee met, you will be granted 100% additional time on written exams. This will also include the accommodations for white noise and quiet space.

See Exhibit A to Defendant's Statement of Facts [D.E. 38-1, at 555].

Upon review of these documents, the undersigned concludes that FIU has not carried its burden of establishing that undisputed material facts entitle it to a judgment of non-liability as a matter of law with regard to Goldberg's failure to accommodate claims. Specifically, the documents fail to establish that Goldberg's requested accommodation for 100% additional time on written

exams would impose an undue hardship on FIU. Indeed, the reasons articulated in the Jones Decl. for the initial denial do not include undue hardship. Moreover, after initially denying the accommodation, FIU granted it, which belies that the accommodation imposed an undue hardship. Finally, the granting of the accommodation would also preclude any argument on the part of FIU that it was not reasonable. Toliver, 2017 WL 1196637, at *5.

## CONCLUSION

In light of the foregoing factual record, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Final Summary Judgment be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 23 day of January, 2020.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
     Counsel of Record