UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20813-CIV-MARTINEZ/AOR

DANIEL GOLDBERG,

    Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Florida International University Board of Trustees' ("Defendant") Motion to Tax Costs [D.E. 94]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 100]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion to Tax Costs be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 3, 2018, Plaintiff Daniel Goldberg ("Plaintiff") commenced this action against Defendant, asserting two claims, one pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and one pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. See Compl. [D.E. 1 at 1]. Plaintiff claimed that FIU intentionally discriminated against him by failing to provide him with reasonable disability accommodations, in violation of the Rehabilitation Act and the ADA. Id. at 13-14.

On December 24, 2018, Defendant filed a Motion for Summary Judgment [D.E. 37] as to both claims asserted by Plaintiff, which was granted on April 9, 2020 [D.E. 89]. On April 13, 2020,

the Court entered Final Judgment in Defendant's favor and reserved jurisdiction on the issue of attorney's fees and costs [D.E. 90].

On May 1, 2020, Defendant filed its Motion to Tax Costs as prevailing party. See Motion to Tax Costs [D.E. 94]. On May 14, 2020, Plaintiff filed his Response to Defendant's Motion for Award of Taxable Costs ("Response") [D.E. 95]; and on May 15, 2020, Defendant filed its Reply to Plaintiff's Response ("Reply") [D.E. 96].

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

2

    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. <u>Crawford Fitting</u>, 482 U.S. at 445.

## **DISCUSSION**

### I.    **Entitlement to Costs**

Having obtained a Final Judgment in its favor as to both of Plaintiff's claims, Defendant is clearly the prevailing party and is entitled to recover its costs pursuant to Rule 54(d). Plaintiff does not contest Defendant's entitlement to costs, nor the amount sought. <u>See</u> Response [D.E. 95 at 1]. However, Plaintiff requests that the entry of a cost judgment be stayed pending appeal due to the COVID-19 pandemic and the financial hardship it would cause him to pay the costs sought. <u>See</u> Response [D.E. 95 at 3]. In support of his request, Plaintiff filed a Declaration averring that: he has been serving as a first-responder Emergency Medical Technician ("EMT") in New York City; he was diagnosed with COVID-19 in April 2020 and has since recovered and returned to work; he lives paycheck-to-paycheck; and he owes $386,778 in student loan debt. <u>See</u> Declaration of Daniel Goldberg [D.E. 95-1 at 1].

"A stay pending appeal is an extraordinary remedy for which the moving party bears a heavy burden." <u>Miccosukee Tribe of Indians of Fl. v. United States</u>, No. 10-23507-CV, 2011 WL 5508802, at *1 (S.D. Fla. Nov. 8, 2011); <u>see also</u> <u>Sorrels v. NCL (Bahamas) Ltd.</u>, No. 13-21413-CIV, 2014 WL 4373604, at *1 (S.D. Fla. Sept. 3, 2014), <u>vacated and remanded on other grounds</u>, 796 F.3d 1275 (11th Cir. 2015) ("The party seeking a stay bears the burden of showing that the circumstances justify an exercise of the court's discretion to grant the stay.") To obtain a stay

pending appeal, the moving party must show that it has a substantial likelihood of success on the merits. Miccosukee, 2011 WL 5508802 at *1.

Furthermore, the Eleventh Circuit has explicitly held that "when awarding costs, a district court should not consider the relative wealth of the parties. Comparing the financial resources of the parties would unduly prejudice parties with assets and undermine . . . the foundation of the legal system that justice is administered to all equally, regardless of wealth or status." Chapman v. Al Transport, 229 F.3d 1012, 1039 (11th Cir. 2000) (citing Cherry v. Champion Int'l Corp., 186 F.3d 442, 448 (4th Cir. 1999)). Plaintiff's financial status "is [only] a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." Id. Such consideration requires "substantial documentation of a true inability to pay." Id.

Plaintiff has not made any showing of substantial likelihood of success on the merits on his appeal to warrant a stay. Miccosukee, 2011 WL 5508802 at *1; see also Sorrels, 2014 WL 4373604 at *1. Moreover, Plaintiff has failed to submit "substantial documentation of a true inability to pay." Chapman, 229 F.3d at 1039. Specifically, Plaintiff's Declaration lacks any supporting documentation regarding his claimed inability to pay costs. Therefore, the Court will not consider Plaintiff's financial status as a factor in considering Defendant's Motion to Tax Costs. Accordingly, the undersigned concludes that there is no sound basis for staying the entry of a cost award in favor of Defendant as prevailing party.

**II.     Taxable Costs**

Defendant requests an award of the following costs as prevailing party in this action:

4

| Expenses and Costs | Amount ($) |
|---|---|
| Fees for service of summons and subpoenas | 334.00 |
| Fees for recorded transcripts | 6,637.10 |
| Fees for witnesses | 787.50 |
| Fees for making copies | 542.92 |
| Fees of the videographer for depositions | 1,765.00 |
| **TOTAL:** | **10,066.52** |

See Bill of Costs [D.E. 94-1].[1]

While Plaintiff does not object to the requested costs, the following are not recoverable costs under Section 1920, as discussed below: (1) fees for private service of summons and subpoenas in excess of the amount charged by the U.S. Marshall's Office; (2) transcript service fees incurred for the convenience of counsel; (3) videographer costs that are duplicative of transcript costs; and (4) expert witness fees.

**1. Fees for service of summons and subpoenas**

Private process server fees may be taxed pursuant to Section 1920. U.S. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). However, such costs are normally limited to $65.00, the standard hourly rate that the U.S. Marshals Service charges for serving a document. Emery v. Allied Pilots Ass'n, No. 14-80518-CV, 2017 WL 5175617, at *3 (S.D. Fla. May 18, 2017), report and recommendation adopted, No. 14-80518-CIV, 2017 WL 5188351 (S.D. Fla. June 6, 2017). Defendant's invoices for service of subpoenas exceed the $65.00 recoverable amount, therefore: (1) the $207.00 service fee for Design Neuroscience Center is reduced by $142.00; and (2) the $127.00 service fee for Kestor Nedd, D.O. ("Dr. Nedd"), is reduced by $62.00. In total, the amount recoverable for process server fees is reduced by $204.00 to an adjusted total of $130.00.

---

[1] Plaintiff does not object to Defendant's request to recover post-judgment interest on its cost award. See Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1260 (S.D. Fla. 2013) ("Recognizing that § 1961 applies to an award of costs, the Eleventh Circuit has held that interest shall accrue on taxable costs from the date the court entered final judgment.") (citation and quotation omitted). Therefore, Defendant is entitled to interest on its cost award, accruing at the statutory rate from April 13, 2020, the date of entry of Final Judgment, to the date of payment.

**2. Fees for recorded transcripts**

Expenses related to "printed or electronically recorded transcripts necessarily obtained for use in the case" are compensable. 28 U.S.C. § 1920(2). "Hearing transcript costs are taxable when reasonably obtained in preparation for additional argument and/or motion practice." Five for Entm't, S.A. v. Ayala Rodriguez, No. 11-24142-CV, 2017 WL 511085, at *12 (S.D. Fla. Feb. 2, 2017). Additional fees that are necessary to the taking of the deposition are taxable, such are interpreter fees and court reporter attendance fees; however, fees incurred merely for the convenience of counsel are not. See Joseph, 950 F. Supp. 2d at 1258-59. "Shipping and handling costs derived from the stenographer are not taxable." Castillo v. Teledyne Cont'l Motors. Inc., No. 08-21850-CV, 2011 WL 1343051, at *2 (S.D. Fla. Mar. 16, 2011) report and recommendation adopted, 2011 WL 1337232 (S.D. Fla. Apr. 7, 2011). Here, Defendant's deposition invoices include charges for shipping and handling, courier service of exhibits, and exhibit copies, all of which are not recoverable. Disallowance of these items results in a reduction of $312.30 for this category, for an adjusted total of $6,324.80.

**3. Fees of the videographer for depositions**

Defendant requests costs for videotaping the depositions of Plaintiff, Marc Egort, CPA ("Mr. Egort"), and Dr. Nedd. "[W]hen a party notices a deposition to be recorded by . . . both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 465 (11th Cir. 1996). However, in order to tax costs for both transcripts and videotapes of a deposition, the prevailing party must explain why both means of recording the deposition were necessary. Powell v. The Home Depot, U.S.A., Inc., No. 07-80435-CIV, 2010 WL 4116488, at *6 (S.D. Fla. Sept.

14, 2010) (citing Morrison, 97 F.3d at 465); see also Perfect Web Techs., Inc. v. Infousa, Inc., No. 07-80286-CIV, 2009 WL 2407689, at *9 (S.D. Fla. Aug. 4, 2009) ("[W]here reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary."); Utopia Provider Systems, Inc. v. Pro–Med Clinical Systems, L.L.C., 2009 WL 1210998, *3 (S.D. Fla. May 1, 2009) (duplicative video deposition costs were denied where prevailing party failed to explain why it was necessary to obtain both a videotaped and transcribed copy of depositions). Here, all three depositions were noticed as video depositions and Plaintiff did not object. See Motion to Tax Costs [D.E. 94 at 5]. Defendant explains why the depositions were reasonable and necessary to the case, but provides no explanation as to why both transcripts and videotapes of the depositions were necessary. Given the lack of explanation, costs attributable to the videotaping of the depositions of Plaintiff, Mr. Egort, and Dr. Nedd are not recoverable. Therefore, the $1,765.00 requested for fees of the videographer is disallowed.

**4. Fees for witnesses**

Defendant seeks to recover $787.50 in expert witness fees for Mr. Egort's deposition pursuant to Section 1920(3). See Motion to Tax Cost [D.E. 94 at 6]. "[A]lthough witness fees are recoverable pursuant to 28 U.S.C. § 1920(3), witness attendance fees are generally limited to $40 per day for each day's attendance." Bates v. Islamorada, Vill. of Islands, No. 04-10114-CIV, 2007 WL 2113586, at *18 (S.D. Fla. July 23, 2007) (internal citations and quotation omitted); see also Morrison, 97 F.3d at 463 (finding that the district court erred in taxing as costs any amount for expert witness fees in excess of $40 per day). Here, Mr. Egort appeared for one day of deposition. See Bill of Costs [D.E. 94-1 at 2]. Therefore, Defendant may only recover $40.00 as a witness fee for Mr. Egort.

Applying the foregoing reductions results in the following costs computation:

| Expenses and Costs | Requested ($) | Allowed ($) |
|---|---|---|
| Fees for service of summons and subpoenas | 334.00 | 130.00 |
| Fees for recorded transcripts | 6,637.10 | 6,324.80 |
| Fees for witnesses | 787.50 | 40.00 |
| Fees for making copies | 542.92 | 542.92 |
| Fees of the videographer for depositions | 1,765.00 | 0.00 |
| **TOTAL:** | **10,066.52** | **7,037.72** |

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion to Tax Costs be GRANTED IN PART, and that Defendant be awarded **$7,037.72 as costs of this action,** plus interest pursuant to 28 U.S.C. § 1961, which shall accrue at the statutory rate from April 13, 2020, the date of entry of Final Judgment, to the date of payment.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 21st day of September, 2020.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
Counsel of Record